1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

San Francisco Division

11
12

KENNETH BARKER,

Case No. 16-cv-05647-WHA   (LB)

13

Plaintiff,

14

v.

**ORDER**

Re: ECF No. 82

15

KENNETH I. CHANAULT, et al.,

16

Defendants.

17

By letter dated June 19, 2017, Mr. Barker filed a letter brief asking for 120 days to respond to

18

American Express's discovery requests, which on the ordinary schedule require responses within

19

30 days of June 14, 2017. (ECF No. 82 at 2.) By motion dated June 26, 2017, he reiterated his

20

request. (ECF No. 84.) American Express opposed the request, in part because its deadline for

21

filing its early summary-judgment motion is July 21, 2017. (ECF No. 83.)

22

On this record, the court denies the request because (1) it does not comply with the court's

23

meet-and-confer discovery procedures and (2) it runs afoul of Judge Alsup's schedule for the

24

summary-judgment motion.

25

The discovery procedures are in the standing order (filed at ECF No. 50-1) and are excerpted

26

below:

27

The parties may not file formal discovery motions. Instead, and as required by the federal rules and local rules, the parties must meet and confer to try to resolve their disagreements. *See* Fed. R. Civ. P. 37(a)(1); Civil L. R. 37-1. Counsel may confer initially by email, letter, or

28

United States District Court
Northern District of California

telephone to try to narrow their disputes. After trying those means, lead trial counsel then must meet and confer **in person** to try to resolve the dispute. (If counsel are located outside of the Bay Area and cannot confer in person, lead counsel may meet and confer by telephone.) Either party may demand such a meeting with ten days' notice. If the parties cannot agree on the location, the location for meetings will alternate. The plaintiff's counsel will select the first location, defense counsel will select the second location, and so forth. If the parties do not resolve their disagreements through this procedure, lead counsel must file a joint letter brief no later than five days after lead counsels' in-person meet-and-confer. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." It may be **no more than five pages** (12-point font or greater, margins of no less than one inch) without leave of the court. Lead counsel for both parties must sign the letter and attest that they met and conferred in person. Each issue must be set forth in a separate section that includes 1) a statement of the unresolved issue, 2) a summary of each parties' position (with citations to supporting facts and legal authority), and 3) each party's final proposed compromise. (This process allows a side-by-side, stand-alone analysis of each disputed issue.) If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties must reproduce the question/request and the response in full either in the letter or, if the page limits in the letter are not sufficient, in a single joint exhibit. The court then will review the letter brief and determine whether formal briefing or future proceedings are necessary. In emergencies during discovery events such as depositions, the parties may contact the court through the court's courtroom deputy pursuant to Civil Local Rule 37-1(b) but first must send a short joint email describing the nature of the dispute to lbpo@cand.uscourts.gov.

Given that Mr. Barker lives in Hercules, the court excuses the requirement that the parties meet and confer in person. But they must talk first before filing a discovery dispute to try to work out their issues without involving the court. The court generally prefers that the parties file one joint letter but if the parties are unable to navigate that approach, the moving party may file a letter of up to three pages, and the responding party may respond with a letter of up to three pages.

The second reason for denying Mr. Barker's request for an extension is that it implicates Judge Alsup's deadline for the summary-judgment motion. Given that filing date, the court is not in a position to extend the response time for the discovery requests beyond the ordinary 30 days. The responses thus are due on July 14, 2017.

Mr. Barker's second letter at ECF No. 82 references discovery issues, but he does not raise any disputes. Instead, he clarifies his position on the prior efforts to secure his deposition, identifies the short timing for the deposition, mentions that American Express (and not the court) served him with the prior order, and says that he will confer with American Express's counsel regarding his disputes. (*See* ECF No. 82 at 5–6.) The court notes Mr. Barker's position about the deposition timing and appreciates his representation that he will confer with American Express's counsel to try to resolve any discovery disputes. (*See id.* at 5.) The court did serve its prior order by mail but

given that mail can be delayed, it also asked American Express's counsel to serve it to make sure that Mr. Barker received it immediately.

The court directs the clerk to serve a copy of this order on Mr. Barker by regular mail and to include a copy of the notice and attachment at ECF No. 50 and 50-1.

**IT IS SO ORDERED.**

Dated: June 27, 2017

_____

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California