UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KENNETH BARKER,<br><br>            Plaintiff,<br><br>    v.<br><br>KENNETH I. CHANAULT, et al.,<br><br>            Defendants. | Case No. 16-cv-05647-WHA   (LB)<br><br>**ORDER**<br><br>Re: ECF No. 88 |

Mr. Barker filed a letter brief with his discovery disputes. (ECF No. 88.) The court previously advised the parties of its discovery procedures in the standing order (filed at ECF No. 50-1) and in its order at ECF No. 85. The procedures are excerpted below:

> The parties may not file formal discovery motions. Instead, and as required by the federal rules and local rules, the parties must meet and confer to try to resolve their disagreements. *See* Fed. R. Civ. P. 37(a)(1); Civil L. R. 37-1. Counsel may confer initially by email, letter, or telephone to try to narrow their disputes. After trying those means, lead trial counsel then must meet and confer **in person** to try to resolve the dispute. (If counsel are located outside of the Bay Area and cannot confer in person, lead counsel may meet and confer by telephone.) Either party may demand such a meeting with ten days' notice. If the parties cannot agree on the location, the location for meetings will alternate. The plaintiff's counsel will select the first location, defense counsel will select the second location, and so forth. If the parties do not resolve their disagreements through this procedure, lead counsel must file a joint letter brief no later than five days after lead counsels' in-person meet-and-confer. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." It may be **no more than five pages** (12-point font or greater, margins of no less than one inch) without leave of the court. Lead counsel for both parties must sign the letter and attest that they met and conferred in person. Each issue must be set forth in a separate section that includes 1) a statement of the unresolved issue, 2) a summary of each parties' position (with citations to supporting facts and legal authority), and 3) each party's

ORDER – No. 16-cv-05647-WHA

final proposed compromise. (This process allows a side-by-side, stand-alone analysis of each disputed issue.)  If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties must reproduce the question/request and the response in full either in the letter or, if the page limits in the letter are not sufficient, in a single joint exhibit. The court then will review the letter brief and determine whether formal briefing or future proceedings are necessary. In emergencies during discovery events such as depositions, the parties may contact the court through the court's courtroom deputy pursuant to Civil Local Rule 37-1(b) but first must send a short joint email describing the nature of the dispute to lbpo@cand.uscourts.gov.

Given that Mr. Barker lives in Hercules, the court previously excused the requirement that the parties meet and confer in person but required them to talk in person. Mr. Barker's letter violates that requirement and so the court denies it without prejudice.

Within five business days, the parties must confer about their disputes to try to work them out without involving the court. If they cannot, they may do one of two things. First, if they can file a joint letter brief, they must. Second, if that process is too hard, then the moving party may file a letter of up to three pages, and the responding party may respond within five business days with a letter of up to three pages.

Mr. Barker may rely on his existing letter brief by filing a one-page letter saying that he wishes to do so. Then the defendants must respond with their three-page response.

The court directs the clerk to serve a copy of this order on Mr. Barker by regular mail.

**IT IS SO ORDERED.**

Dated: July 16, 2017

LAUREL BEELER
United States Magistrate Judge

ORDER – No. 16-cv-05647-WHA                2